IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Tim Pairsh,

          Plaintiff

vs.                               Case No.

Ltd Financial Services, LP,

          Defendant

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

### PARTIES

4.    Plaintiff, Tim Pairsh ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Sandoval, and City

of Rio Rancho.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Ltd Financial Services, LP ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant, via its agent and/or employee "Mr. Henry," placed a call to Plaintiff's cellular telephone on August 20, 2010 @ 8:08 A.M., and at such time, left Plaintiff a voicemail message in which Defendant failed to meaningfully disclose Defendant's true corporate identity and/or business name and further failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11)).

14. Defendant, via its agent and/or employee "Mr. Henry," placed a call to Plaintiff's cellular telephone on August 27, 2010 @ 8:18 A.M. and at such time, left Plaintiff a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. § 1692e(11)).

15. Defendant, via its agent and/or employee "Mr. Henry," placed non-emergency calls to Plaintiff's cellular telephone on August 20, 2010 @ 8:08 A.M. and August 27, 2010 @ 8:18 A.M., without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,

s/Larry Leshin
Larry Leshin
Weisberg & Meyers, LLC
1216 Indiana St. NE
Albuquerque, NM 87110
866 775 3666
866 565 1327 facsimile
Attorney for Plaintiff